IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN FREDERICK LOTT, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:08-CV-149-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Steven Frederick Lott, TDCJ-ID #774197, was in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, when this petition was filed. He has since been released on parole.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. Factual and Procedural History

By way of this petition, Lott challenges a disciplinary proceeding conducted at the Mineral Wells Pre-Parole Transfer Facility, and the resultant 15-day solitary confinement, 15-day commissary and recreation restrictions, reduction in class status from S3 to L1, and loss of 30 days good time. (Disciplinary Hrg. R. at 1) Lott was charged in Disciplinary Case No. 20070358919 with possession of contraband, a level II, code 16.0 violation, and riot, a level I, code 8.0 violation. (Id. at 2) The offense report alleged that on August 21, 2007, Lott–

> Did possess contraband namely (a cigarette lighter, tape measure, and medical supplies) which are items that are not allowed or assigned to an offender nor sold through the commissary. Furthermore, said offender intentionally participated with several hundred other offenders in destroying CCA and state property and created a danger of damage to the facility and injury to staff and other offenders and substantially obstructed the performance of unit operations by causing or attempting to cause normal facility operations to cease. (Id.)

The following additional information was also provided in the report:

> On the date, time, and place above I, c/o Kenneth Busby was conducting a search of offender Lott, Steven TDCJ # 774197 property. While searching said property I found a cigarette lighter in the offenders brown shorts rt front pocket. Furthermore during the search I also found a small tape measure in a Metamucil box. Furthermore also found was medical supplies (i.e., bandaids, alcohol pads, 6 gauze pads, etc.) and a plastic bag with the inventory list printed on the outside of the bag from the first aid kit in dorm 779. Said items were obtained when offender Lott did participate in the disturbance on 8-13-07 at 9:20 pm by smashing in the door and breaking in the glass on a secured closet in 779 and taking medical fist aid kit, blood . . . kit, and fire exting [sic] from said closet.

After receiving notice of the charges, Lott was appointed counsel substitute and attended a disciplinary hearing on August 24, 2007, during which he was found guilty of the offense of possession of contraband but not guilty of the offense of riot. Lott filed Step 1 and Step 2 grievances contesting the disciplinary conviction and penalty, to no avail. (Disciplinary Grievance R. at 1-6)

He subsequently filed this federal petition for writ of habeas corpus.[1]  Quarterman has filed an answer with supporting documentation, and Lott has filed a reply.

D. GROUNDS

Lott claims his procedural due process rights were violated because (1) the preliminary investigation report was not started within 24 hours and no exceptional circumstances were documented warranting the delay, (2) he was in pre-hearing detention for 72 hours without a hearing or written explanation, (3) there was no evidence of his guilt, and (4) he was not allowed to call a witness or allowed to present documentary evidence in his behalf at the hearing.  (Petition at 7-8)

E. RULE 5 STATEMENT

Quarterman asserts Lott has failed to exhaust one or more of his claims as required by § 2254(b)(1)(A).  A court may deny a petition on the merits notwithstanding a petitioner's failure to exhaust under § 2254(b)(2).

F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief.  *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).  To the extent the disciplinary proceeding resulted in solitary confinement, the loss of recreational and commissary privileges, and the reduction in line class status, which do not impact the fact or duration of confinement, these claims do not raise a federal constitutional question. *Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995).

Lott's loss of good time credits calls for a more careful analysis. A state prisoner who is eligible for release to mandatory supervision, has a protected liberty interest in the loss of good time credits, and TDCJ must accord the inmate minimal procedural due process before depriving him of any previously earned good time credits through administrative or disciplinary proceedings. *Teague v. Quarterman*, 482 F.3d 769, 776-81 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). However, because Lott is not eligible for mandatory supervision due his holding conviction of burglary of a habitation, loss of his good time credits does not implicate a liberty interest. *See Madison v. Parker*, 104 f.3d 765, 768-69 (5th Cir. 1997).

Thus, to the extent Lott's petition has not been rendered moot as a result of his release, he has failed to show that he has been denied a constitutionally protected interest.

## II. RECOMMENDATION

Lott's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

4

and recommendation until January 9, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 9, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 19, 2008.

        /s/   Charles Bleil  
    CHARLES BLEIL  
    UNITED STATES MAGISTRATE JUDGE